Argued 16 January; decided 25 March, 1901.

## MILES v. NORTH PACIFIC LUMBER CO.

[64 Pac. 303.]

EVIDENCE OF CONVERSION OF LOGS.

1. In an action for the conversion of saw logs, evidence that the logs in question were rafted from a boom by defendant is sufficient proof of a wrongful taking to be submitted to the jury, when there is also proof that the logs belonged to the plaintiff, and that he had demanded them of the defendant, which demand had been refused.

SUFFICIENCY OF EVIDENCE OF OWNERSHIP OF CHATTEL.

2. In an action for conversion where plaintiff claimed a special property under a note and mortgage, the production of the mortgage only is sufficient to carry the case to the jury, since the mortgage was secondary evidence that the note was executed and delivered to the plaintiff, and the jury might reasonably infer that he was still the owner thereof.

CONVERSION — IRRELEVANT TESTIMONY.

3. In an action for the conversion of saw logs, where it was shown that defendant took plaintiff's logs without permission, evidence that it sometimes happened that rafts in the boom sticks of the defendant were taken to other mills is irrelevant.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by S. A. Miles against the North Pacific Lumber Company. From a judgment in favor of the plaintiff, defendant appeals.                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Thos. N. Strong.*

. For respondent there was a brief over the name of *Stott, Boise & Stout,* with an oral argument by *Mr. Raleigh Stott.*

MR. JUSTICE WOLVERTON delivered the opinion.

1.   The purpose of this action is the recovery of damages for the conversion of certain saw logs. On June 30, 1893, one Daniel Little, in Cowlitz County, Washington, executed and delivered to plaintiff his promissory note for the sum of $1,107.14, payable one day after date, with interest. At the same time, and for the purpose of securing the payment thereof, Little made, executed, duly acknowledged, and delivered to plaintiff a chattel mortgage on 2,000,000 feet of fir saw logs then in said Cowlitz County, containing a condition empowering the mortgagee to foreclose the same in case of default in payment of the note, principal or interest. It is alleged that the note has not been paid, nor any part thereof, except $276.55, and that the defendant did wrongfully and unlawfully take and carry away 381 of such logs, containing 264,390 feet, sawed them into lumber, and converted the same to its own use. The value is also stated, and a demand for the logs duly shown. The answer puts in issue Little's ownership of the logs, the execution and delivery of the note and mortgage, the amount due, and the conversion and value of the property. At the trial, and after the submission of the plaintiff's evidence, the defendant moved for a nonsuit upon the ground that a case had not been made sufficient to go to the jury, which motion was overruled. The plaintiff proved by one Beck, who was foreman of a boom at Os-

trander, Washington, that he rafted the logs in dispute in the rafts of the defendant; that some of them were taken from the Ostrander boom by the defendant, and some were brought down the Cowlitz River at its request, to be there taken by it. It is urged that this evidence does not tend to show a wrongful taking by the defendant. But it was also proved that Little was at the time the owner and rightful custodian of these logs, and that they were taken without his consent or authority. Considered together, there was ample evidence to go to the jury upon the question of a wrongful taking by the defendant. The conversion was made out when a demand for the logs was shown to have been made upon the defendant and refused.

2. It is next urged that plaintiff, not having offered the note in evidence, failed to show any title in the logs upon which to base a claim for conversion, as the note might have been previously indorsed and transferred to some other person, who would thereby become entitled to the possession of the logs under the mortgage. The mortgage was properly introduced in evidence by the plaintiff, which recites the fact of the note being made by Daniel Little payable to the plaintiff, and that the mortgage was given to secure the same. The execution of both the mortgage and note was a matter in issue. The introduction of the mortgage was primary evidence of its own execution, and it may be said to be secondary evidence of the execution of the note, as it contains an admission by Little that he made such an instrument, payable to the plaintiff. There was some proof, therefore, competent to go to the jury, that the note was made, executed, and delivered by Little to the plaintiff; and it might reasonably infer from the presumption that a condition once found to exist will continue until the contrary is shown; that he was still the owner and holder thereof, and entitled to the possession of the logs under the terms of the mortgage for condition broken. There is no issue in the pleadings

touching the ownership of the note, except as it may be involved by the allegation and denial of its execution and delivery as between the parties thereto.

3.    The defendant's witness E. T. Williams was not permitted to answer a question as to whether or not it was the custom, or sometimes happened, that rafts in the boom sticks of the defendant were taken to other mills, and this is assigned as error.  The evidence tended to show, as we have seen, that the defendant took the logs without permission or authority; and, if they were afterwards taken from the defendant by parties other than the plaintiff, its liability would continue unabated; so the inquiry was not relevant.

4.    When the court was delivering its instructions, one of the jurors asked if the mortgage was valid in this state, and the court answered, in effect, that it was; that, if the mortgage covered the logs, and the plaintiff, by virtue thereof, became possessed of a special title thereto, it would be just as valid in this state as in the state where it was given, and that the title thus acquired would constitute a special, qualified ownership such as had been defined.  The defendant excepted to this instruction because it was not shown that the plaintiff was still the holder of the note.  What we have said in our discussion of the points determined will sufficiently answer this objection.  There being evidence sufficient to go to the jury from which to infer plaintiff's ownership of the note, the instruction was pertinent.

                                        AFFIRMED.